IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Christopher Knight, John McDowell, Rony Mejia, Anthony Tentoff, and Andre White, <br><br>  Plaintiffs,<br><br>  v.<br><br> Rent-A-Center East, Inc., and Rent-A-Center of Greenville,<br><br>  Defendants. | Civil Action No.: 4:13-1734-MGL <br><br> **OPINION AND ORDER** |

This case arises out of an employment relationship between Plaintiffs Christopher Knight, John McDowell, Rony Mejia, Anthony Tentoff and Andre White ("Plaintiffs") and Defendant Rent-A-Center East, Inc. and Rent-A-Center of Greenville[1] ("Defendant"). In the underlying matter, Defendant moves the court, under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, for an order dismissing Plaintiffs' claims, striking their class and collective action claims and compelling Plaintiffs to arbitrate. (ECF No. 6). This court held a hearing on Defendant's motion on October 22, 2013. The court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (2012). Having considered the motion and responses filed, the arguments of the parties and the applicable law, the court grants the motion to dismiss, grants the motion to strike and grants the motion to compel arbitration.

---

[1] Defendant represents that Rent-A-Center of Greenville" does not exist and asserts that the proper defendant is Rent-A-Center East, Inc.

1

## BACKGROUND

Plaintiffs filed this wage and hour class and collective action against Defendant on June 25, 2013, on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages as provided under the Fair Labor Standards Act ("FLSA"). Plaintiffs seek declaratory relief, unpaid overtime wages, liquidated damages, attorney's fees and taxable costs pursuant to 29 U.S.C. § 216(b).  On July 18, 2013, Defendant filed the instant motion to dismiss, to strike class and collective action claims, and to compel arbitration.  (ECF No. 6).

Plaintiffs were full time employees of Defendant and worked at Defendant's Rent-A-Center stores in Horry County, South Carolina.  (ECF No. 1 at §§ 26 & 27).[2]  Plaintiffs allege *inter alia* that they regularly worked in excess of forty hours per week without receiving overtime compensation as required under the FLSA.  (ECF No. 1 at ¶ 92).

Plaintiffs, upon being hired by Defendant, each entered into a "Mutual Agreement to Arbitrate Claims" ("Arbitration Agreements") in which Plaintiffs each agreed to arbitrate all disputes with Defendant regarding their employment, including all statutory wage and hour claims.  (ECF No. 6-2 at 5-33).  Defendant assert that since Plaintiffs FLSA wage and hour claims are covered under the express terms of the Arbitration Agreement and the Arbitration Agreement was signed by Plaintiffs, that Plaintiff's claims must be submitted to binding arbitration as set forth in the Arbitration Agreement.

Next, the Arbitration Agreements that Plaintiffs signed require arbitration of Plaintiffs' claims against Defendant in an individual capacity, not on a class or collective basis.  (ECF 6-2 at 6).  Thus, Defendants argue that the court must strike Plaintiffs' class claims and

---

[2]On or around February of 2012, Plaintiff Rony Mejia was promoted to the store manager position and received a salary.

compel them to arbitrate on an individual basis.

## **LEGAL STANDARD**

The FAA mandates that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or inequity for the avoidance of any contract." 9 U.S.C. § 2 (2012). "By its terms, the Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir.2000) (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)). Accordingly, a court's role is limited to determining: (1) whether the parties agreed to arbitrate and, if so, (2) whether the scope of that agreement to arbitrate encompasses the claims at issue. *Id.* If the party seeking arbitration establishes these two factors, the court must compel arbitration. 9 U.S.C. § 4.

## **DISCUSSION**

Plaintiffs do not dispute that they each signed written Arbitration Agreements to cover the claims in this lawsuit. Plaintiffs also do not dispute that the Arbitration Agreements are governed by the FAA. Instead, Plaintiffs argue that they are not subject to arbitration because Defendant's arbitration policy is invalid as it requires a waiver of the right to precede collectively in any forum, including arbitration, in violation of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 157 and Defendant reserves the right to not be bound by the arbitration agreement making it invalid.

1. <u>Whether the Arbitration Agreements Violates the NLRA</u>

Plaintiffs argue that the Arbitration Agreements are invalid because they require a

waiver of the right to proceed collectively in any forum, including arbitration, in violation of the NLRA. In support of their argument, Plaintiff rely on an NLRB decision, *D.R. Horton, Inc. and Michael Cuda*, 357 NLRB No. 184 (Jan. 3, 2012). In the *D.R. Horton* decision, the Board found that an employer's mandatory arbitration agreement that prohibited employees from filing employment-related class actions violated Section 8(a)(1) of the NLRA.

At the time of the hearing on Defendant's Motion to Compel, the *D.R Horton* decision was on appeal before the Fifth Circuit. On December 3, 2013,the United States Court of Appeals for the Fifth Circuit issued its opinion *in D.R. Horton, Inc. v. National Labor Relations Board*, 2013 U.S. App. LEXIS 24073 (5th Cir. Dec. 3, 2013). The Fifth Circuit reversed the NLRB's ruling that a class-waiver provision is unenforceable because it violates employees' Section 7 rights under the NLRA to engage in concerted activities. As such, the NLRB's decision that served as the basis for Plaintiffs' attempts to avoid arbitration and enforcement of the class-waiver provision has now been overruled.

The court next considers Plaintiffs' argument that the Arbitration Agreements are not enforceable because Defendant's Co-Worker Handbook may provide a basis for Defendant to modify or terminate the Arbitration Agreements.

II <u>Whether Both Plaintiff and Defendants are Bound by the Arbitration Agreements</u>

Plaintiff argues that because Defendant's Co-Worker Handbook provides that the policies and procedures in the handbook may be modified, revoked, suspended, terminated, or changed and that this language provides a basis for Defendant to unilaterally alter or terminate the stand-alone Arbitration Agreements that were entered into and signed by each of the Plaintiffs and Defendant. The court makes no determination on the

enforceability of the Arbitration Agreements. The Arbitration Agreements clearly set forth that "[t]he Arbitrator, and not any federal, state, or local court . . . shall have exclusive authority to resolve any dispute relating to the . . . applicability, enforceability, or formation of this Agreement . . . ." (ECF No. 6-2 at 7). The court notes that this identical clause was upheld by the United States Supreme Court in the case of *Rent-A-Center West, Inc. v. Jackson*, 130 S.Ct. 2772 (2010). The Supreme Court indicated that:

> An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other.

130 S. Ct. at 2777-2778.

Upon review, the court finds that parties have clearly assigned questions regarding the enforceability of the Arbitration Agreement to an Arbitrator, and this court must enforce this agreement like it would any other. Therefore, the court must compel arbitration of Plaintiffs' claims, notwithstanding their challenge to the enforceability of the Arbitration Agreements.

## **CONCLUSION**

For the foregoing reasons, the court grants Defendant's motion to dismiss, grants Defendant's motion to compel arbitration and strikes Plaintiff's class and collective claims.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

December 20, 2013
Florence, South Carolina

5